The town of NEWTOWN *against* the town of FAIRFIELD.

Where an illegitimate child was born in one town of a mother having a settlement there, at that time, but who afterwards, during the minority of the child, acquired a settlement, by marriage, in another town, it was held, that the child took the new settlement of its mother thus acquired.

THIS was an action of *assumpsit,* to recover moneys expended by the plaintiffs for the support of *Mary Bryant,* and *George W.* and *Sarah-Ann Bryant.* The defendants pleaded the general issue, which was closed to the court. Under this issue, the cause was tried, at *Fairfield, February* term, 1847, before *Hinman,* J.

The court found the following facts. *Charles S. Bryant* is the husband of *Mary Bryant,* and the father of *George W.* and *Sarah-Ann Bryant,* named in the declaration, and therein alleged to be paupers. *Charles S. Bryant* is the illegitimate son of *Sally Bryant,* and was born in the town of *Newtown,* on the 7th of *October* 1816; his mother, at the time of his birth, being, and having previously thereto always been, a settled inhabitant of that town. On the 8th of *May* 1825, while she was so an inhabitant of *Newtown,* she was lawfully married to *George W. Coggshall,* who was then a settled inhabitant of *Fairfield.* They continued to live together, without acquiring any new settlement, until after *Charles S. Bryant* became twenty-one years of age; and he has never acquired any new settlement since that time. From the 9th of *February* 1844, to the 28th of *January* 1845, the plaintiffs expended in the necessary support of *Mary Bryant* and her two children, 125 dollars. The plaintiffs also gave the defendants notice of the condition of these paupers within five days after they obtained knowledge of the facts above stated.

Upon these facts the plaintiffs claimed, that they were entitled to recover, insisting that the paupers were settled inhabitants of *Fairfield;* which the defendants denied. The case was then reserved for the advice of this court upon the question what judgment ought to be rendered.

*Booth* and *Belden,* for the plaintiffs, contended, 1. That by the established law of this state, the settlement of an illegitimate child follows that of the mother, the former changing

with the latter. In support of this position, the case of *New-Haven* v. *Newtown*, 12 *Conn. R.* 165. was mainly relied on. That decision, which is precisely in point, was made ten years ago, and has been acted upon ever since. Towns have relinquished rights, and assumed burdens, in conformity to it. To reverse it now, would break up settlements which are regarded by all parties as fixed ; and moneys paid for the support of paupers, might be recovered back. The flood-gates of litigation would be opened. And what benefit would result to the public ? There would be one decision one way, and another decision, by the same court, the other way. Would the law then be *settled ?* Would not this rather tend to *unsettle* the law, not only on this subject, but upon all other subjects depending upon the decisions of our courts ? Nor would any thing be gained in point of *principle ;* for the whole law of settlements is a matter of positive institution. It is as equitable, and in every point of view as proper, that the child, whether legitimate or illegitimate, should have its settlement where the mother has hers, as any where else. But it is of real importance that the law should be *stable*.

2. That if the case of *New-Haven* v. *Newtown* had never existed, the same decision ought now to be made. It had been previously decided, in *Danbury* v. *New-Haven*, 5 *Conn. R.* 584. that illegitimate children take the settlement of their mother, whether it is one in her own right, or derivative. In *Guilford* v. *Oxford*, 9 *Conn. R.* 321. it was also decided, that the settlement of the mother, acquired by marriage, was communicated to her illegitimate child. As an illegitimate child has, in contemplation of law, but one parent, it is peculiarly fit and proper that such child, especially during infancy, should take that parent's settlement. In accordance with this idea, it has been recently provided by statute, in *England*, (4 & 5 *W*. 4. *c*. 76. *s*. 71.) that illegitimate children shall take the settlement of their mother, acquired by marriage after their birth. *The Queen* v. *St. Mary*, 4 *Ad. & El.* 581. (45 *E. C. L.* 581.)

*Hawley* and *Butler*, (with whom was *Robinson*,) for the defendants, after remarking, that the law of settlements, though a matter of positive institution, is founded in *reason*, and the several branches ought to *harmonize* with each other,

*Fairfield,*
July, 1847.

Newtown
*v.*
Fairfield.

*Fairfield,*
July, 1847.

Newtown
*v.*
Fairfield.

contended, 1. That by the common law, the mother acquires, by marriage, no new settlement for her legitimate children, by a former husband, because they are not a part of the new husband's family, nor is he obliged to support them.   3 *Burn's Just.* 314. & seq.

2. That, with the exception of the case of *New-Haven* v. *Newtown*, the decisions in *Connecticut* have gone no farther than to establish the position, that if the mother has a settlement in this state, at the birth of her illegitimate child, such child takes *that* settlement, in whatever manner it may have been acquired.   *Hebron* v. *Marlborough*, 2 *Conn. R.* 18. *Danbury* v. *New-Haven,* 5 *Conn. R.* 584. and *Guilford* v. *Oxford*, 9 *Conn. R.* 321. go no further than this.

3. That the reason of the rule as to legitimate children, applies, with at least equal force, to illegitimate children.   If the former do not become a part of the new husband's family, surely he is not obliged to take in the latter, or provide for them.

4. That the case of *New-Haven* v. *Newtown*, having been decided by a divided court, and not in harmony with other rules which are well established, ought not to be regarded as a binding authority.

HINMAN, J.   The point in dispute, in this case, was expressly decided, in the case of *Newtown* v. *New-Haven,* 12 *Conn. R.* 165 ; and it is admitted, that unless we are prepared to reverse that decision, the plaintiffs here must prevail. If the question were now before us for the first time, it is very possible we might come to a different result ; but we do not think the principle involved, of sufficient importance to require us to review it.   Besides, towns have acted upon the faith of that decision, in settling questions relating to the support of paupers ; and to reverse it now, would only produce confusion, and would not probably vary the relative liabilities of towns, to any appreciable extent.

We advise the superior court to render judgment for the plaintiffs.

In this opinion the other Judges concurred.

Judgment for plaintiffs.